IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN D. INGRAM,

    Petitioner,

v.                                                         Civil Action No. **3:09CV831**

BUCKINGHAM CORRECTIONAL CENTER,

    Respondent.

## MEMORANDUM OPINION

Kevin D. Ingram ("Ingram"), a Virginia prisoner, filed this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for Lunenburg County ("Circuit Court") for two counts of assault and battery of a police officer, unlawful bodily injury of a police officer, destruction of property, obstruction of justice, resisting arrest, and concealing merchandise. By Memorandum Opinion and Order entered on March 4, 2011, the Court denied Ingram's § 2254 Petition and two motions by Ingram to amend that petition. On March 7, 2011, the Court received from Ingram a "MOTION TO AMEND OR ALTER PETITION AND BRIEF" (hereinafter "March 7, 2011 Motion to Amend"). On April 4, 2011, the Court received from Ingram a motion requesting relief under Federal Rule of Civil Procedure 52(b) (hereinafter "Rule 52(b) Motion").

### I. March 7, 2011 Motion To Amend

The March 7, 2011 Motion to Amend offers additional procedural and substantive arguments in support of the claims the Court dismissed in its March 4, 2011 Memorandum Opinion and Order. Additionally, Ingram raises one new claim for relief: Counsel was deficient for not objecting when the prosecutor breached the original plea agreement. (March 7, 2011

Mot. Amend 2.) Leave to amend is appropriately denied where the amendment would be futile. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). That is the case here. Ingram's procedural and substantive arguments in support of the claims raised in his § 2254 Petition do not provide a viable basis for relief for the reasons set forth in the Court's March 4, 2011 Memorandum Opinion. Furthermore, as explained below, to the extent Ingram seeks to amend his § 2254 Petition to add a claim that counsel was deficient for not objecting when the prosecutor breached the original plea agreement, such a claim is barred by the one-year statute of limitations for petitions under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

As the Court previously explained, "363 days of the limitation period had elapsed before Ingram filed his federal habeas petition" on December 20, 2009. *Ingram v. Buckingham Corr. Ctr.*, No. 3:09CV831, 2011 WL 836826, at *7 & n.6 (E.D. Va. Mar. 4, 2011). For purposes of the statute of limitations, Ingram's March 7, 2011 Motion to Amend was filed on March 1, 2011, the date that Ingram represents he placed the motion in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). By that date, another 436 days of the limitation period had elapsed. Thus, the new claim in the March 7, 2011 Motion to Amend is barred by the statute of limitations unless it relates back to the claims in his original § 2254 petition, *see Pittman*, 209 F.3d at 317, or Ingram is entitled to equitable tolling, *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). Ingram fails to demonstrate that either of these doctrines apply.

An amended claim "does not relate back (and thereby escape [§ 2244's] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In this

regard, it is not sufficient that the new claim simply has the same form as the original claims if the new claim "arises out of wholly different conduct." *Pittman*, 209 F.3d at 318. Thus, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (*citing Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir.2000); *United States v. Duffus*, 174 F.3d 333, 337 (3d Cir.1999)). In his original federal habeas petition, Ingram did not raise any claims pertaining to counsel's failure to object to a breach of the plea agreement. Thus, Ingram's new claim, which raises such allegations, does not relate back to Ingram's original claims because the new claim "arise[s] from separate occurrences of 'both time and type.'" *Pittman*, 209 F.3d at 318 (*quoting United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)); *see McLean v. United States*, No. 04-13534, 2005 WL 2172198, at *2 (11th Cir. Sept. 8, 2005).

Furthermore, Ingram is not entitled to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ( "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). The record does not suggest that any extraordinary circumstance prevented Ingram from including his new claim in his original federal habeas petition. Moreover, Ingram's lengthy delay in seeking to amend his § 2254 petition refutes the notion that Ingram acted with the requisite diligence. Accordingly, Ingram's March 7, 2011 Motion to Amend (Docket No. 26) will be DENIED.

## II. Rule 52(b) Motion

Rule 52(b) provides, "On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). "The findings referred to in Rule 52(b), however, are only those judicial findings made '[i]n an action tried on the facts without a jury or with an advisory jury.'" *Hurst v. State Farm Mut. Auto. Ins. Co.*, No. 7:05CV00776, 2008 WL 4974786, at *2 (W.D. Va. Nov. 21, 2008) (alteration in original) (*quoting* Fed. R. Civ. P. 52 (a)(1)). "Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding" or on a motion to dismiss in a habeas proceeding. *Orem v. Rephann*, 523 F.3d 442, 451 n.2 (4th Cir. 2008) (Shedd, J., concurring). Nevertheless, "a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or amend." *Id.* (*citing St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Ingram fails to satisfy any of the circumstances for granting Rule 59(e) relief. Ingram merely asks the Court to revisit the arguments he previously offered in opposition to Respondent's

Motion to Dismiss. *See Pac. Ins. Co.*, 148 F.3d at 403 ("Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (*quoting* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). Accordingly, Ingram's Rule 52(b) Motion (Docket No. 30) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Ingram is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 5-5-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge